UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
U.S. BANK NATIONAL ASSOCIATION,

                                Plaintiff,

                                                           **REPORT &**
                                                           **RECOMMENDATION**
                    -against-                               CV 13-1598 (SJF) (GRB)

2150 JOSHUA'S PATH, LLC, *et al*,

                                Defendants.
------------------------------------------------------------X
**GARY R. BROWN, United States Magistrate Judge:**

       Plaintiff U.S. Bank National Association ("plaintiff" or "U.S. Bank") brought this action against 2150 Joshua's Path, LLC ("Joshua's Path"), Teddy D. Weiss ("Weiss"), Armand D'Amato ("D'Amato"), the Conference and Meeting Centers of Long Island, LLC ("Conference and Meeting Centers"), the State of New York Department of Taxation and Finance ("New York Department of Taxation and Finance"), and other John Doe defendants (collectively, "defendants") for foreclosure of a commercial mortgage and a judgment on a guaranty. *See generally* Compl., Mar. 25, 2013, Docket Entry ("DE") [1]. Subsequently, plaintiff filed a motion to amend the complaint in order to add a claim against defendants Weiss and D'Amato based on their alleged violations of the terms in certain loan documents. *See generally* Mot., Jan. 28, 2014, DE [57]. The motion was referred to the undersigned for a report and recommendation.

       For the reasons that follow, I respectfully recommend that the motion to amend the complaint and the request to discontinue the action as against Conference and Meeting Centers be GRANTED.

## BACKGROUND

Plaintiff alleges the following facts, and defendants do not dispute them for purposes of this motion. *See generally* Mot.; Opp'n, Jan. 28, 2014, DE [56]. On or about June 30, 2005, Joshua's Path executed a promissory note (the "Note") in the principal amount of $5,750,000, together with a mortgage (the "Mortgage") for the purpose of securing payment under the Note. Compl. ¶¶ 13-15. Joshua's Path, as mortgagor, duly executed, acknowledged, and delivered the Mortgage to Citigroup Global Markets Realty Corporation ("Citigroup"), the lender and mortgagee. *Id.*; Mot. 1-3. Pursuant to the Mortgage, which was properly recorded, Joshua's Path granted a security interest to Citigroup in, among other things, certain real property located at 2150 Joshua's Path, Hauppauge, New York (the "Property"). Compl. ¶¶ 13-16; *see also generally* Amended and Restated Promissory Note ("Note"), Mar. 27, 2013, DE [3-2]; Amended and Restated Mortgage, Assignment of Rents and Security Agreement ("Mortgage"), Mar. 27, 2013 DE [3-4]. The Mortgage encumbered the Property. Mot. 2.

As further security for the loan, Weiss and D'Amato, as guarantors, executed a personal guaranty (the "Guaranty"), which states that each guarantor "irrevocably and unconditionally covenants and agrees that it is liable, jointly and severally, for the Guaranteed Obligations as a primary obligor." Compl. ¶¶ 43-46; Guaranty, Mar. 27, 2013, DE [3-19]. The Mortgage was initially held by Citigroup, and through several assignments, ultimately came under the control of U.S. Bank. *See generally* Compl. ¶¶ 18-30; Assignment to U.S. Bank, Mar. 27, 2013, DE [3-11].

Joshua's Path defaulted on the loan by failing to pay the monthly installments required

under the Note. Compl. ¶¶ 31-33. No monthly payments have been made since May 11, 2012. *Id.* Upon default, all principal and interest became due and owing pursuant to sections 23 and 24(c) of the Mortgage. Mortgage §§ 23, 24(c); Compl. ¶ 34. Accordingly, plaintiff brought this action for foreclosure of the Mortgage and a judgment on the Guaranty. *See generally* Compl.; Mot. 1.

During discovery, defendants produced financial documents that allegedly showed that Joshua's Path, after defaulting, had used portions of the rents and other income from the Property to repay loans to affiliated third parties, and to cover other non-Property-related costs and expenses. Mot. 1, 3; Proposed Am. Compl. ¶¶ 50-51, Jan. 28, 2014, DE [55-3]. These actions are in violation of the Mortgage, which provides that Joshua's Path may not incur any indebtedness "other than (i) the Debt and (ii) trade and operation debt incurred in the ordinary course of business with trade creditors in connection with owning, operating and maintaining the Mortgaged Property, in such amounts as are normal and reasonable under the circumstances . . . ." *See* Mortgage § 9(d)-(e). The Mortgage also states that Joshua's Path "shall not make any loans or advances to any third party, nor to Guarantor, any Affiliate or any constituent party of [Joshua's Path]." *Id.* Most importantly, pursuant to the Guaranty, Weiss and D'Amato, as guarantors, are jointly and severally liable for the portions of the Property's rents and income that were used for impermissible expenses (*e.g.*, to repay loans to affiliated third parties). Guaranty § 1.2(d).

After discovering this violation under the Mortgage and Guaranty, plaintiff sought to amend the complaint in order to bring an additional claim against Weiss and D'Amato "for any and all portions of the Property's rents and/or other income that were used by [Joshua's Path], from and after the date of Default, to pay for items other than the Permitted Expenses." *See*

3

Proposed Am. Compl. ¶ 67.

The original deadline to submit motions to amend the pleadings was October 16, 2013. Scheduling Order, July 17, 2013, DE [25]. On October 9, 2013, plaintiff requested that this deadline be extended to November 18, 2013, and the Court granted this request. 10/10/2013 Electronic Order. On November 15, 2013, plaintiff requested leave to file an amended complaint, and the Court set a briefing schedule for a motion to amend the complaint. Request for Leave to File Am. Compl., Nov. 15, 2013, DE [49]; Minute Entry Dec. 18, 2013, DE [51]. Lastly, plaintiff also moved to dismiss the action as to defendant Conference and Meeting Centers because U.S. Bank does not have any direct claims against this defendant. Mot. 2, 8-9.

## DISCUSSION

A party may amend its pleading with the court's leave, and the court "should freely give leave when justice so requires." Fed. R. Civ. P. ("Rule") 15(a)(2). "When a party requests leave to amend his complaint, permission generally should be freely granted." *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013). District courts have "wide discretion" in "choosing to grant or deny leave to amend." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 126 (2d Cir. 2014).

There is generally a presumption in favor of granting leave to amend a pleading, and in the "absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Rule 15(a)); *accord Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Defendants argue that plaintiff's motion is unduly delayed, that plaintiff has engaged in abusive litigation and discovery tactics, and that defendants will be unfairly prejudiced if the motion is granted. *See generally* Opp'n. These arguments are unavailing.

Defendants argue that plaintiff should have known since June 2012, that Joshua's Path had diverted portions of the rents and other income from the Property to impermissible expenses because plaintiff "monitors the payment of principal and interested under the Loan." Opp'n 4. However, is it unclear how plaintiff's monitoring of Joshua's Path loan payments has any bearing on whether plaintiff should have known about Joshua's Path's diversion of rents and other income from the Property to impermissible expenses. In other words, the mere fact that defendants failed to make timely mortgage payments does not mean that monies were being diverted—such failure could well have been attributable to numerous causes, including a downturn in business. *See Soroof Trading Dev. Co., Ltd. v. GE Microgen, Inc.*, 283 F.R.D. 142, 149 (S.D.N.Y. 2012) (granting leave to amend the complaint when plaintiff initially "did not know and could not reasonably have known th[e] information" that was added to the complaint). Thus, defendants, without more, have not established undue delay that would bar amendment. *See Tobin v. Gluck*, 07-CV-1605, 2014 WL 1310347, at *14 (E.D.N.Y. Mar. 28, 2014); *Soroof*, 283 F.R.D. at 149.

Defendants' contention that plaintiff has engaged in abusive, bad-faith litigation and discovery tactics amounts to little more than a bald assertion that plaintiff has conducted a "fishing expedition." Opp'n 5-6. This conclusory allegation is unsupported by any specific examples. Importantly, however, discovery has been supervised by the undersigned for more than a year, and during that time, there has been no indication that plaintiffs have abused the discovery process. Indeed, a review of the record reveals an absence of motions for a protective

order (though there are several motions to compel).  One would expect far more vitriolic resistance had plaintiff, in fact, overstepped its bounds during discovery.

Defendants contend that adding a new claim will require additional discovery as to that claim, resulting in prejudice.  Opp'n 6.  However, the burden imposed by such discovery appears to be modest, as the matters subject to such obligations will be discrete.  This does not appear to arise to the level of "undue prejudice," and the undersigned will be available to manage the process to ensure that the matter is ready for trial.  *See Hickman v. Taylor*, 329 U.S. 495, 507-08 (1947) (discovery can be limited "when it can be shown that the examination is being conducted in bad faith or in such a manner as to annoy, embarrass or oppress the person subject to the inquiry" or when "the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege").  As such, neither the additional discovery nor claims of bad faith provide a basis for denying amendment of the complaint, and plaintiff should be granted leave to amend.  *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 114 (2d Cir. 2001) (granting leave to amend when "district court did not find, and there is no evidence of, bad faith on the part of [plaintiff], undue delay or undue prejudice"); *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith").

Lastly, plaintiff seeks to drop defendant Conference and Meeting Centers because U.S. Bank does not have any direct claims against this defendant.  Mot. 2, 8-9.  Defendants have not opposed this request.  *See generally* Opp'n.  Therefore, Conference and Meeting Centers should be dropped from the case in the Amended Complaint because plaintiff no longer has any claims against it.  *See* Rule 21 ("On motion . . . , the court may at any time, on just terms, add or drop a party."); *LeBlanc v. Cleveland*, 248 F.3d 95, 99 (2d Cir. 2001) ("Once a party has been dropped

under Rule 21, we read the complaint as if he had never been included.").

## CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to amend the complaint and the request to discontinue the action as against Conference and Meeting Centers be GRANTED.

## OBJECTIONS

A copy of this Report and Recommendation is being mailed to the representatives of each of the parties. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Dated: Central Islip, New York
      July 16, 2014

                                                /s/ Gary R. Brown
                                                GARY R. BROWN
                                                United States Magistrate Judge