UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
U.S BANK NATIONAL ASSOCIATION,

          Plaintiff,

-against-

2150 JOSHUA'S PATH, LLC, et al.,

          Defendants.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 10 2014 ★

LONG ISLAND OFFICE

**OPINION AND ORDER**
**13-CV-1598 (SJF)**

FEUERSTEIN, District Judge:

Before the Court is the Report and Recommendation ("Report") of Magistrate Judge Gary R. Brown, dated July 16, 2014, recommending that U.S. Bank National Association's ("plaintiff") motion to amend the complaint to add a claim and to discontinue this action against defendant, the Conference and Meeting Centers of Long Island, LLC, be granted. For the following reasons, the Report is adopted in its entirety.

I.

On March 25, 2013, plaintiff filed a complaint against defendants 2150 Joshua's Path, LLC ("Joshua's Path"), Teddy D. Weiss ("Weiss"), Armand D'Amato ("D'Amato"), the Conference and Meeting Centers of Long Island, LLC ("Conference and Meeting Centers"), the State of New York Department of Taxation and Finance and other "John Doe" defendants to foreclose on a commercial mortgage and for judgment on a personal guaranty executed by Weiss and D'Amato. Pursuant to the mortgage, Joshua's Path granted a security interest to Citigroup Global Markets Realty Corporation[1] in the real property located at 2150 Joshua's Path, Hauppauge, New York ("Property"). Upon default, all principal and interest became due and

---

[1] The mortgage was initially held by Citigroup and, through various assignments, came under control of plaintiff.

owing under sections 23 and 24(c) of the mortgage.

During discovery, defendants produced financial documents which allegedly established that Joshua's Path, after defaulting, used portions of the rents and other income from the Property to repay loans to affiliated third parties and for other unrelated payments. Plaintiff moved to file an amended complaint to include an additional claim against defendants Weiss and D'Amato for any and all portions of the Property's rents and/or other income used by Joshua's Path to pay for items other than the permitted expenses as of the date defendants defaulted on the mortgage.

Defendants opposed plaintiff's motion by arguing undue delay, abusive litigation tactics and unfair prejudice. The motion was referred to Magistrate Judge Brown, who recommended that leave to amend be granted. Both parties timely filed objections and responses to the Report.

II

*Standard of Review*

Title 28 U.SC. § 636(b)(1)(C) provides that a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). After reviewing a report, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[I]n providing for a "de novo determination," . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

*Analysis*

Defendants Joshua Path, Weiss and D'Amato (collectively, "defendants") object to Magistrate Judge Brown's recommendation that leave to amend be granted on the ground the amendment is futile, which they raise for the first time.[2] Defendants claim that the Magistrate Judge erred when he assumed that defendants' alleged actions constituted a breach of the terms of the mortgage and guaranty. Plaintiff argues that defendants waived the futility argument by failing to raise it before Magistrate Judge Brown in their opposition to the motion.

"A district court will generally not consider arguments that were not raised before the magistrate judge." *Diaz v. Portfolio Recovery Associates, LLC*, No. 10 Civ. 3920, 2012 WL 1882976, at *2 (E.D.N.Y. May 24, 2012). *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate."); *Zhao v. State University of New York*, No. 04 Civ. 0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) (" 'In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.' ") (quoting *Illis v. Artus*, No. 06 Civ. 3077, 2009 WL 2730870, at *2 (E.D.N.Y. Aug. 28, 2009)). Rather, "[i]ssues not raised before the Magistrate Judge, and therefore not addressed by [him], may not properly be deemed 'objections' to the Recommended Ruling." *Burden v. Astrue*,

---

[2] Defendants do not object to the Report's recommendations with respect to the arguments raised before Magistrate Judge Brown.

588 F. Supp.2d 269, 279 (D. Conn. 2008). If a district court were to consider these untimely arguments, "it would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Recommended Ruling has issued to advance additional arguments." *Id.*

### III.

Defendants did not raise their futility argument before the Magistrate Judge, nor do they give a reason for their failure to do so. Accordingly, the argument is waived. Defendants do not object to the Report's recommendations with respect to the arguments raised in their opposition. For these reasons and because the Court finds that the Report is not facially erroneous, it is adopted in its entirety and plaintiff's motion to amend the complaint to add its restitution claim and to discontinue this action as to defendant Conference and Meeting Centers of Long Island, LLC is **GRANTED**.

**SO ORDERED.**

Dated: September 10, 2014
    Central Islip, New York

Sandra J. Feuerstein, U.S.D.J.