UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
U.S. BANK NATIONAL ASSOCIATION (as :
successor in interest to Bank of America,:
National Association, as successor by merger to :
La Salle Bank National Association), as trustee :
for the Registered Holders of CD 2005-CD1:
Commercial Mortgage Trust, Commercial: **MEMORANDUM AND ORDER**
Mortgage Pass-Through Certificates, Series: **ADOPTING IN PART REPORT &**
2005-CD1, acting by and through its Special: **RECOMMENDATIONS**
Servicer, LNR PARTNERS, LLC, : 13-cv-1598 (DLI)(SIL)
 :
      Plaintiff, :
 :
          -against- :
 :
2150 JOSHUA'S PATH, LLC, TEDDY D.:
WEISS, ARMAND D'AMATO, STATE OF:
NEW YORK DEPARTMENT OF TAXATION:
AND FINANCE, :
 :
      Defendants. :
------------------------------------------------------------ X

**DORA L. IRIZARRY, Chief U.S. District Judge:**

On March 25, 2013, Plaintiff U.S. Bank National Association, as Trustee for the Registered Holders of CD 2005-CD1 Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2005-CD1, acting by and through its Special Servicer, LNR Partners, LLC's ("Plaintiff" or "U.S. Bank") brought this action for foreclosure and other relief related to a promissory note of $5,750,000 (the "Note") and a mortgage (the "Mortgage") encumbering the commercial office building located at 2150 Joshua's Path, Hauppauge, New York (the "Subject Property"). *See generally* Compl., ("Complaint"), Dkt. Entry No. 1. Listed as Defendants in the Complaint are 2150 Joshua's Path, LLC ("Joshua's Path"), Teddy D. Weiss, Armand D'Amato[1]

---

[1] Defendants Weiss and D'Amato are collectively referred to hereinafter as the "Guarantor Defendants".

(collectively, "Defendants"), as well as the State of New York Department of Taxation and Finance (the "NYS Tax Department"), Conference and Meeting Centers of Long Island, LLC, and various fictitious individuals and entities. Plaintiff and Defendants filed cross-motions for summary judgment and the Court referred these motions to the Honorable Steven I. Locke, United States Magistrate Judge, for a Report and Recommendation ("R&R"). *See* Dkt. Entry Nos. 107, 113. The R&R, issued on August 16, 2016, recommends granting Plaintiff's motion for summary judgment in part and denying it in part, and denying Defendants' motion for summary judgment in its entirety. *See* Dkt. Entry No. 126. Both Plaintiff and Defendants timely objected to the R&R. *See* Dkt. Entry Nos. 127, 128 ("Pl's. Objs." and "Defs.' Objs." respectively). Shortly thereafter, both parties opposed their opponent's objections. *See* Dkt. Entry Nos. 129, 130 ("Pl's. Resp." and "Defs.' Resp." respectively).

Upon due consideration and review, the objections are overruled and the R&R is adopted in large part, but modified to the extent that this Court denies Plaintiff's request for entry of default judgment against the NYS Tax Department and the referee to be appointed by the Court also is charged with conducting the foreclosure sale of the Subject Property.

**DISCUSSION[2]**

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (citations and quotation marks

---

[2] The Court assumes the parties' familiarity with the facts as set out in the R&R. *See* R&R at 2-10.

2

omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (citations and internal quotation marks omitted). On the other hand, the Second Circuit Court of Appeals has suggested that a clear error review may not be appropriate "where arguably 'the only way for a party to raise . . . arguments is to reiterate them.'" *Moss v. Colvin*, 845 F.3d 516, 520 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013) (alteration added in *Moss*; other alterations from *Moss* omitted). Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

I. **Defendants' Cross-Motion for Summary Judgment**

In their cross-motion for summary judgment, Defendants argue that Plaintiff's claims must be dismissed on the grounds that (a) Plaintiff lacks standing to enforce the Note and Mortgage, and (b) this Court lacks subject matter jurisdiction over Plaintiff's claims because the parties lack complete diversity of citizenship. The magistrate judge found that Plaintiff has standing to enforce the Note and Mortgage and that this Court has subject matter jurisdiction. The Court concurs.

### A. Plaintiff Has Standing to Enforce the Note and Mortgage

Defendants maintain that Plaintiff lacks standing to enforce the Note and Mortgage because it is unable to establish that: (i) it is the holder of the Note, (ii) it possesses a valid assignment of the Note, or (iii) it took delivery of the Note prior to commencement of the action. Defs.' Objs. at 11. However, the magistrate judge properly found the undisputed facts sufficiently established Plaintiff's standing because Plaintiff is a valid assignee of the Note and Mortgage. *See* R&R at 18-19.

In their objections, Defendants argue that the magistrate judge overlooked evidence that would support their contention that U.S. Bank did not possess the original note at the time it commenced the action. Defs.' Obj. at 13. Specifically, Defendants point to "various [trust] log entries for January 9, 2014." *Id.* This argument is unavailing.

Significantly, the magistrate judge did not "overlook" this evidence; rather, Defendants failed to raise it in earlier briefing and do so here for the first time.[3] Therefore, this Court is not bound to even consider this argument. *See Kennedy v. Adamo*, , 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal citations omitted), *aff'd*, 323 F. App'x. 34 (2d Cir. 2009) (summary order); *see also Zaza v. Am. Airlines,* 2017 WL 1076327, at *2 (E.D.N.Y. Mar. 22,

---

[3] As Plaintiff notes:

> A review of Defendants' briefing on summary judgment as well as their 56.1 Counterstatement— indeed, the entire record in this case—reveals a far simpler explanation: Defendants have never raised the issue. Not once during discovery; not once during the deposition of Mr. Steve Garrett, the operations manager at U.S. Bank whose responsibilities included managing the physical vault in which original loan documents are kept, 56.1 Stmt. ¶ 40; and not once in their summary judgment briefing.

Pl.'s Resp. at 20.

2017) (the Court "will not consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance.").

Moreover, Defendants' objection is meritless because, as the magistrate judge noted, New York law is clear that, "[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was *either* the holder *or* assignee of the underlying note." *OneWest Bank, N.A. v. Melina*, , 2016 WL 3548346, at *6 (2d Cir. June 29, 2016) (emphasis added, internal quotations omitted) (cited in R&R at 16). Defendant's last minute submission does not lead to the conclusion that Plaintiff was not in possession of the Note and Mortgage when this action was commenced; however, even if that were true, the assignment agreement is sufficient, in and of itself, to establish a valid assignment of the Note and Mortgage to Plaintiff, and, therefore, is a basis for standing. *See Stabilis Fund II, LLC v. Nostrand Plaza, Inc.*, 43 Misc.3d 1217(A) (Kings County Sup. Ct., 2014) ("[T]he assignment agreement is sufficient, in and of itself, to establish a valid assignment of the note and mortgage to plaintiff."); *U.S. Bank N.A. v. Collymore*, 68 A.D.3d 752, 753 (2d Dep't 2009) (emphasis added) ("*[E]ither a written assignment* of the underlying note *or the physical delivery* of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation.") (cited in R&R at 17). Accordingly, the Court finds that Plaintiff has standing.

### B. The Court Has Subject Matter Jurisdiction

The magistrate judge found that, because the Trustee brought this action in its own name and exercises the requisite ownership and control over the Trust, it is the real party in interest for purposes of a diversity jurisdiction analysis. *See* R&R at 24. Defendant objects that this finding overlooks the Supreme Court's recent decision in *Americold Realty Trust v. Conagra Foods, Inc.*. 136 S. Ct. 1012 (2016); Defs.' Obj. at 4. The record belies this argument, to the contrary, the

5

magistrate judge did not "overlook" this decision. The magistrate judge cited it three times in the R&R and correctly determined that it does not change the conclusion that this Court has jurisdiction. R&R at 23, 25.

In *Americold*, the Supreme Court examined the citizenship of an unincorporated Maryland statutory Real Estate Investment Trust (REIT). The Court's opinion acknowledged longstanding confusion about the citizenship of trusts and clarified that simply because an entity calls itself a trust does not mean it possesses the citizenship of its trustees for the purposes of diversity jurisdiction. *Americold*, 136 S. Ct. at 1015. However, the Court made clear that it intended to leave the separate rule in *Navarro Savings Association v. Lee*, 446 U.S. 548 (1980) undisturbed: that when a trustee of a traditional trust files a lawsuit in its own name, its jurisdictional citizenship is the State to which it belongs. *See Americold*, 136 S. Ct. at 1016 ("This rule coexists with our discussion above that when an artificial entity is sued in *its* name, it takes the citizenship of each of its members."); *see also Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 722 (2d Cir. 2017) (for "traditional trusts, it is the citizenship of the trustees holding the legal right to sue on behalf of the trusts, not that of beneficiaries, that is relevant to jurisdiction"); *Wang ex. rel Wong v. New Mighty U.S. Tr.*, 843 F.3d 487, 494 (D.C. Cir. 2016), *cert. denied sub nom. New Mighty U.S. Tr. v. Wang ex rel. Wong*, 137 S. Ct. 2266 (2017) (best reading of *Americold* is that the "citizenship of a traditional trust depends only on the trustees' citizenship".)

Accordingly, the determinative question here is whether the trust on whose behalf Plaintiff trustee sues is a "traditional trust" that takes the citizenship of the trustee, or an incorporated trust like the REIT in *Americold*, which would take the citizenship of its members. As the Court of Appeals for the District of Columbia Circuit recently explained, "[a]ccording to *Americold* as well as the Restatement [of Trusts], a traditional trust for diversity generally describes a fiduciary

relationship regarding property where the trust *cannot sue and be sued as an entity under state law*." *Wong*, 843 F.3d at 494 (emphasis added); *see also Raymond Loubier Irrevocable*, 858 F.3d 719, 729 (emphasis added) (*Americold* rule does not apply to "a traditional trust that establishes only a fiduciary relationship and that *cannot sue or be sued* in its own right").

Here, the trust for which U.S. Bank serves as trustee is an express New York common law trust. Unlike the Maryland REIT at issue in *Americold*, which was authorized to sue or be sued, "*under New York law, a trust cannot sue or be sued*, and suits must be brought by or against the trustee." *Springer v. U.S. Bank N.A.*, No. 15-cv-1107 (JGK), 2015 WL 9462083, at *2 n.1 (S.D.N.Y. Dec. 23, 2015) (emphasis added) (collecting cases); *see also U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.,* 205 F. Supp.3d 386, 411 (S.D.N.Y. 2016) ("In contrast to a Maryland real estate trust, the Trusts have no power to sue on their own behalves and the Trustee alone is responsible for the corpus of the Trusts. The Court therefore concludes that only the Trustee's citizenship is relevant to this diversity analysis"); *Anh Nguyet Tran v. Bank of N.Y.*, No. 13- cv-580 (RPP), 2014 WL 1225575, at *1 n.4 (S.D.N.Y. Mar. 24, 2014) (same), *aff'd*, 610 F. App'x 82 (2d Cir. 2015). Therefore, the analysis applied in *Americold* is inapposite here, and the magistrate judge correctly looked to the citizenship of the trustee. Accordingly, there is complete diversity of citizenship, vesting the Court with subject matter jurisdiction over this action.

## II. Plaintiff's Cross-Motion for Summary Judgment

With regard to Plaintiff's cross-motion for summary judgment, the magistrate judge recommended that the Court: (i) grant summary judgment on Plaintiff's claim for foreclosure; (ii) deny summary judgment on Plaintiff's claim against the guarantor arising out of Section 9 of the Mortgage; (iii) deny summary judgment as to Defendants' claim against the guarantor arising out of Section 1.2 (d) of the guaranty; (iv) dismiss Defendants' affirmative defenses; (v) amend the

7

case caption to strike the names of the fictitious defendants; (vi) issue default judgment against the NYS Tax Department; (vii) award Plaintiff its costs, fees, and expenses; and (viii) appoint a referee to compute the amounts owing under the Loan, including Plaintiff's fees, costs, and expenses. R&R at 30-32, 37-43.

### A. Plaintiff is Entitled to Summary Judgment with Respect to Foreclosure on the Mortgage

As the magistrate judge correctly noted, it is well established under New York law that "summary judgment in a mortgage foreclosure action is appropriate where the note and mortgage are produced to the Court along with proof that the mortgagor has failed to make payments due under the note." R&R at 31 *quoting U.S. Bank, N.A. v. Byrd*, 854 F. Supp.2d 278, 284 (E.D.N.Y. 2012) (quoting *Builders Bank v. Warburton River View Condo LLC*, , 2011 WL 6370064, at *2 (S.D.N.Y. Dec. 20, 2011)). Where, as here, the Plaintiff has presented the note, mortgage, and proof of default, the Plaintiff has made a *prima facie* case that it is entitled to judgment as a matter of law. *Builders Bank*, 2011 WL 6370064, at *2; *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 34 (2d Cir. 2012); *Loancare v. Firshing*, 130 A.D.3d 787 (2d Dep't 2015). Defendants have failed to rebut this presumption[4] and have not objected to this finding by the magistrate judge. The Court having reviewed this issue for clear error and finding none, adopts the recommendation that Plaintiff be entitled to judgment as a matter of law.

### B. Summary Judgment is Denied with Respect to Claims Against the Guarantor Defendants Arising Out of Joshua's Path's Alleged Breach of Section 9 of the Mortgage

Section 9(d) of the Mortgage provides that Joshua's Path "shall not incur any indebtedness other than (i) the Debt and (ii) trade and operation debt incurred in the ordinary course of business

---

[4] Defendants' primary objections are as to standing and subject matter jurisdiction and are addressed *supra* at pp. 3-7.

8

with trade creditors in connection with owning, operating and maintaining the Mortgaged Property, in such amounts as are normal and reasonable under the circumstances . . ..." Mortgage § 9(d). Plaintiff claims that Joshua's Path "incurred $ 577,050 of aggregate indebtedness to its affiliates, through 14 separate transactions." *See* Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment and Related Relief ("Pl.'s Mem."), Docket Entry No. 107-2 at 12. Section 9(e) of the Mortgage provides that Joshua's Path "shall not make any loans or advances to any third party, nor to Guarantor, any affiliate or any constituent party of Mortgagor." Mortgage § 9(e). Plaintiff claims that Joshua's Path "loaned or advanced as much as $766,545 to affiliates, through 19 separate transactions . . .." *See* Pl.'s Mem. at 3. Plaintiff argues that these loans constituted material breaches as a matter of law, citing the deposition testimony of their expert witness. The magistrate judge, noting the relevant case law, recommended that this question be reserved for the trier of fact and that summary judgment be denied. *See* R&R at 35; *Orlander v. Staples, Inc.*, 802 F.3d 289, 298 (2d Cir. 2015) (question of whether a breach was "material" is properly left for the trier of fact); *The CIT Grp./Bus. Credit, Inc. v. Graco Fishing & Rental Tools, Inc.*, 815 F. Supp.2d 673, 678 (S.D.N.Y. 2011) (expert "may not give testimony stating ultimate legal conclusions," including "whether certain events constituted a material breach" of an agreement).

Plaintiff objects and argues again at length that the breach, in fact, was material. The Court is persuaded by the case law cited in the R&R and Defendants' reply that such a question properly is left for a jury. Further, the contrary expert report of the Honorable Melanie L. Cyganowksi (Ret.), former Chief Bankruptcy Judge for the Eastern District of New York, creates genuine issues of fact as to the significance of the indebtedness, a dispute that highlights that judgment as a matter of law on this issue would be inappropriate. *See* Def's. Reply at 7; *Harris*

9

*v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 79 (2d Cir. 2002) ("Where there are conflicting expert reports presented, courts are wary of granting summary judgment.") Therefore, Plaintiff's objection is overruled, and summary judgment is denied on this claim.

### C. Summary Judgment is Denied with Respect to Plaintiff's Claims Against the Guarantor Defendants Arising Out of the Alleged Breach of Section 1.2(d) of the Guaranty

Plaintiff's Third Cause of Action alleges that Defendants breached Section 1.2(d) of the Guaranty—one of the carve-out liability provisions—through the transfer of $676,873.82 of funds from the Borrower to T. Weiss Realty Corp. ("T. Weiss Reality"), its property manager. Specifically, Section 1.2(d) states:

> [A]fter the occurrence of an Event of Default ... Borrower's failure to apply proceeds of rents ... or any other payments in respect of the leases and other income from the Mortgaged Property ... when received to the costs of maintenance and operation of the Mortgaged Property and to the payment of taxes, lien claims, insurance premiums, monthly payments of principal and interest or escrow payments or other payments due under the Loan Documents.

*See* R&R at 10.

The magistrate judge found that Plaintiff had failed to present evidence that the fees paid were excessive under this provision and that, in any event, excessiveness of fees is a question that tends to be reserved for the finder of fact. R&R at 36. Plaintiff objects contending that the fees were indeed excessive and the agreements alone can be dispositive of this question. Pls' Objs. at 17.

This objection is overruled. As noted in the R&R, Plaintiff did not present any evidence demonstrating that disbursements to T. Weiss Realty were for anything other than the maintenance and operation of the Subject Property. Moreover, to the extent that Plaintiff claims that any such maintenance fees were excessive, it is an issue properly decided by the trier of fact. *See Seippel v.*

*Jenkens & Gilchrist, P.C.*, 341 F. Supp.2d 363, 381 (S.D.N.Y. 2004) ("Whether a fee is excessive is a question of fact . . . ."). After due *de novo* review of the relevant agreements, factual questions remain as to whether these management fees were in fact excessive, and the magistrate judge was correct that summary judgment is not warranted on this claim.

> **D. Plaintiff's Unopposed Motions for Summary Judgment as to Defendants' Remaining Affirmative Defenses; Fees, Costs and Expenses; and Amendment of the Caption Are Granted**

Where a party does not object to a portion of the R&R, the court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp.2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)). As to these claims, the Court is satisfied that the magistrate judge properly considered them and there is no clear error in the record.

Plaintiff seeks summary judgement as to its claim for fees, costs, and expenses. The Mortgage requires that Joshua's Path pay for "reasonable fees, costs and expenses (including attorneys' fees and fees of other professionals retained by Mortgagee) incurred in any action to enforce this Mortgage or other Loan Documents or to collect any payments due from Mortgagor under this Mortgage, the Note or any other Loan Document. . . ." *See* R&R at 38 *citing Mortgage* § 58(d). Defendants do not oppose this relief and did not object to the magistrate judge's recommendation that it be granted. R&R at 38. Such relief is routinely granted in foreclosure actions where provided for in the relevant agreements. *See, e.g.*, *E. Sav. Bank v. Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *11 (E.D.N.Y. May 9, 2016) (recommending award of attorneys' fees, costs, and expenses) (Report and Recommendation), *adopted by* 2016 WL 3102021 (E.D.N.Y. June 2, 2016); *Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.*, No. 10-

CV-1762, 2013 WL 1686458, at *11 (E.D.N.Y. Apr. 18, 2013) (awarding fees, costs, and expenses provided for in an agreement).

Additionally, according to Plaintiff, "Defendants' eleven affirmative defenses are each conclusorily recited in a single sentence in their Answer and are entirely unsupported by competent evidence." Pl.'s Mem. at 16-17. The Court already has addressed and dismissed Defendants' affirmative defenses of lack of standing and subject matter jurisdiction. Defendants neither opposed dismissal of the remaining 9 defenses nor did they object to the magistrate judge's recommendation that they be dismissed. Therefore, all of Defendants' affirmative defenses are dismissed.

Plaintiff also seeks to amend the caption to strike the names of fictitious defendants 'John Doe,' 'Mary Roe,' and 'XYZ Corporation' without prejudice. Plaintiff states that they have determined that no parties other than the Defendants have an interest in, or lien on, the Subject Property. Pl. Resp. At 24. The magistrate judge recommended that the caption be so modified, Defendants do not oppose this relief and such relief is routinely granted in foreclosure actions. *See Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253, 2014 WL 3525011, at *12 (E.D.N.Y. Mar. 12, 2014) (Report and Recommendation), *adopted by* 2014 WL 3528460 (E.D.N.Y. July 15, 2014). Accordingly, the caption is modified as requested to strike the fictitious defendants.

### E. Plaintiff's Claims Against the NYS Tax Department Are Dismissed for Failure to Prosecute

According to Plaintiff, the NYS Tax Department was named as a defendant due to possible unpaid taxes in connection with the property. R&R at 42. The NYS Tax Department was served on April 8, 2013, but it neither has answered Plaintiff's Complaint nor otherwise appeared in this case. During the four years since Plaintiff filed the Complaint in this case, Plaintiff never moved

for a certificate of default judgment or moved for entry of default judgment. Accordingly, Plaintiff is not entitled to such relief.

As the magistrate judge explained:

> Motions for default judgments are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See id.*

R&R at 40.

Despite the magistrate judge's recommendation that default judgement be granted, this Court cannot overlook the fact that, for years while this case proceeded, Plaintiff failed to follow step one of this two-step process. Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (citation omitted); Liberty Mut. Ins. Co. v. Bella Transp., 2009 WL 1606489, at *4 (E.D.N.Y. June 8, 2009) (dismissing claims due to a long delay in seeking default remedies and procedural and substantive defects in doing so). Accordingly, the Court exercises its discretion to dismiss Plaintiff's claims against the NYS Tax Department.

**F. Appointment of a Referee Is Granted**

Plaintiff also seeks the appointment of a referee "to compute the amount due under the Loan Documents, as well as Plaintiff's fees, costs, and expenses." The magistrate judge recommended that a referee be appointed. R&R at 30-32, 37-43. Defendants did not oppose this routine request, and they do not object to the magistrate judge's recommendation. However,

Plaintiff entered a limited objection that the magistrate judge inadvertently omitted the sought and un-objected to relief that this referee also be charged with conducting the foreclosure sale of the Subject Property. Pl's. Objs. at 3. As there remains no objection, the R&R is modified to include this relief.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

Upon due consideration and review, Defendants' objections are to the R&R are overruled, Plaintiff's objections are sustained, and there being no clear error as to those portions of the R&R that were not objected to, the recommendations contained in the R&R are adopted for the most part. However, the R&R is modified to the extent that it inadvertently did not recommend that the referee additionally be charged with conducting the foreclosure sale of the Subject Property, which relief is granted, and that Plaintiff is not granted default judgment against the NYS Tax Department, as those claims are dismissed for failure to prosecute. Accordingly, Defendant's Summary Judgment Motion is denied in its entirety and Plaintiff's motion is granted to the extent that: (1) summary judgment is granted as to Plaintiff's claim for foreclosure on the Subject Property; (2) Defendants' 11 affirmative defenses are dismissed; (3) the case caption is amended to strike the names of the fictitious defendants "John Doe", "Mary Roe", and "XYZ Corporation"; (4) Plaintiff is awarded its costs, fees, and expenses; (5) the Court will appoint a referee to compute the amounts owing under the Loan, including Plaintiff's fees, costs, and expenses and to conduct a foreclosure sale of the Subject Property.

No later than November 3, 2017, Plaintiff is directed to provide the Court with a list of five (5) prospective referees, including their *curriculum vitae*, demonstrating their qualification for appointment as referee in this matter.

SO ORDERED.

Dated: Brooklyn, New York
       September 30, 2017

/s/
DORA L. IRIZARRY
Chief Judge